LOTTINGER, Judge.
This is a suit for property and personal damages resulting from an automobile accident. The petitioners are Eddie R. Clements, who was driver of his ca.r, and his wife, who was a passenger in the Clements’ car. The defendants are Melvin R. Amerman, who owned a truck involved in the collision, and James Folse, an employee ■of Melvin R. Amerman, who was allegedly driving the truck at the time of the accident. From a judgment below in favor of defendants, dismissing petitioners’ demand, the petitioners have taken this appeal.
The facts show that the accident occurred at about eight o’clock, P. M., on July 7, 1951, on the Caroline Cut-off in St. Mary Parish, Louisiana. The Caroline Cut-off is-a paved highway with a width of 18 feet. The defendants’ truck was returning to Morgan City from a trip to New Orleans when the truck ran out of gas. The driver .of the. truck, at the time, was Benjamin Ruffin, and defendant James Folse was a passenger in the truck. The truck ran out of gas at a distance of 2 or 2i^ miles past the Bayou Boeuf Bridge. The driver drove the truck onto the shoulder of the highway. A short interval of time later, about two or three minutes, the petitioner, who was proceeding in the ■ -same direction as the truck,-was blinded-by the headlights of an approaching car. Not noticing the parked truck, petitioner ran into the left rear of the truck which caused him to lose control of his car. The car proceeded a distance of some 125 feet along the highway and turned over in a large ditch.
..The petitioner claims that the track was parked at an angle to the highway, and that the rear end of the track protruded into the highway some 2 or 3 feet. The evidence, however, is overwhelmingly to the effect that the truck was parked on the shoulder of the highway and parallel to the highway. As the shoulder was only 5 feet wide in the vicinity of the accident, the truck could not get wholly on the shoulder, however, both the State Police officers who investigated the accident testified that the truck was only about 10 inches on the highway, and that it was.parked parallel.
Petitioner further claims that the taillights of the truck were not burning, and that he was unable to see the track until the moment of impact. The testimony, however, shows that the taillights of the truck were burning at the time of the accident. One of petitioners’ witnesses, a Mr. De-laune, who came upon the scene a few minutes after the accident, testified as follows:
“Q.. Could you see that part (the rear, left end of the truck) while you were driving with dim lights oh? A. It is possible that if there were oncoming cars I might not have seen it, but there were no oncoming cars, and I only saw his truck when I got close to it.
“Q. About how many feet from it, did you see it? A. About 150 feet.
*150 Now if Mr. Delaune could see the truck from a distance of 150 feet, then it is' clear that ’the truck was so parked so as to be obvious to oncoming traffic. The testimony of Mr. Delaune, petitioners’ own witness, refutes their contentions that the truck was so parked, and was painted of such a ’color, so as to make it highly invisible.
Although we have not been favored by a written opinion of the Lower Court, we feel that the said Court was convinced that there was no negligence on the part of the defendant’s driver. The preponderance of the evidence shows that the truck ran out of gas, and the driver pulled the truck as far as he could get onto the shoulder. Both State Policemen testified that had the driver pulled off further from the highway,’‘ he would have fallen into a 5 or 6 foot ditch. The evidence shows that the lights, both front and rear, were burning on the truck. Before the driver, or his assistant, had time to alight from the truck the accident occurred. The facts show that petitioner was driving at a speed of some 45 or 50 miles per hour when he became blinded by the headlights of an approaching vehicle. Although he signalled the driver of the approaching vehicle to dim his lights, his signal was ignored.
We do not believe that the facts as found disclose any negligence on the part of the defendants.. Although it was argued by petitioners’ counsel that the defendant driver was negligent in failing to place flares around his truck, as is required by law, the evidence shows that the defendant had no time within which to place said flares before the accident occurred.
This Court has had occasion many times to interpret and apply LSA-R.S. 32:441, the Flare Statute. In the case of Bourgeois v. Longman, 199 So 142, 145, this court stated:
“We think it is well settled that a violation of a law regulating traffic on the highway does not constitute negligence per se. In order to hold the one who violated it responsible in damages it ’ must appear that the manner of his violation was the proximate cause of the accident and the resulting injury. It is evident in this case that lighted flares were not displayed and therefore the law in that respect was not ob- ■ served. ’ Bourgeois testifies 'that his first act after alighting from the wrecker was to turn on the light on the boom and then lower the boom in a position to hook up the truck. He states that his next act would have been to take out the flares from the box in which they were kept and light and place them on the highway, but before he could, the accident had occurred. The time that is required to take out flares, light them and place them on the highway, according to the testimony in this case, ranges anywhere from three to five minutes. According to Bourgeois’ testimony, the only one on this point, less than one minute intervened from the time he got out of the wrecker to the moment of the impact. Assuming therefore that he was negligent in not strictly observing the law because he did not direct his attention first and immediately to the flares, it is obvious that he could not possibly have lighted and displayed them in time for defendant to have seen them before running into the truck and therefore his negligence in that respect cannot be said to have been a contributing cause to the accident which, in our opinion, as in that of the district judge, resulted solely and entirely from the gross negligence of the defendant.”
In the case of Ledoux v. Beyt, 35 So.2d 472, 475, this court stated:
“Melancon, the truck driver, testified that only two or three minutes elapsed between the time he stopped and the time he noticed plaintiff’s car approaching from the rear, and in that interval he could not possibly have displayed the flares which he carried in the truck, as required by the ‘Flare Law’. Whilst the statute uses the word ‘immediately’ in providing how soon ■ after coming to a stop the driver shall display his lighted flares, ordinary rea *151 soning forces the court to take the time involved in getting the flares out; lighting them and placing them on the highway into consideration, as an element in construing what is meant by thd word ‘immediately* and it has been held in certain cases that anywhere from two-to five minutes, depending on the circumstances, is not an unreasonable time to allow for a compliance with the terms of the statute.”
We feel that the evidence before us justified the Lower Court in relieving the defendants from any negligence. As we are unable to find any error in the decision of the Lower Court, its judgment will be affirmed.
For the reasons assigned, the judgment of the Lower Court is affirmed, all costs of this appeal to be paid-by. petitioners.
Judgment affirmed.